UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL A. MELSON,

        Petitioner,

                                       File No. 2:07-CV-26

v.

                                       HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

        Respondent.
                                     /

**ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On April 25, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Daniel A. Melson's petition for writ of habeas corpus be dismissed with prejudice pursuant to Rule 4, RULES GOVERNING § 2254 CASES, because it is barred by the applicable statute of limitations found in 28 U.S.C. § 2244(d)(1). Plaintiff filed objections to the R&R on May 1, 2007.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court is required to make a *de novo* review upon the record of those portions of the Magistrate Judge's disposition to which specific written objection has been made.

Petitioner does not challenge the Magistrate Judge's finding that a § 2254 petition would be barred by the applicable statute of limitations. Instead, Petitioner contends that his petition should be considered as a petition pursuant to § 2241 rather than § 2254. Petitioner

originally filed this action pursuant to § 2241. (Docket # 1). He was directed by the Court to submit an amended petition on the § 2254 forms. (Docket # 11). When Petitioner filed his amended petition on the § 2254 forms, he advised that he wanted his case to be considered as a petition under § 2241. (Docket # 12).

The subject of Petitioner's petition for habeas corpus concerns the State's filing of a supplemental information concerning Petitioner's habitual offender status, which increased Petitioner's sentencing guideline range on his assault conviction. Petitioner contends that his § 2241 petition is based upon newly discovered evidence, that the supplemental information was never served on Petitioner or his attorney, and that it should not be subject to the one-year limitations period.

The relationship between §§ 2241 and 2254 can be understood as follows: "Courts interpret § 2241 as the statutory grant of authority to issue habeas writs, and § 2254 as implementing that authority with respect to state prisoners." *Allen v. White*, No. 05-5166, 2006 WL 1716712, **2 (6th Cir. June 22, 2006) (citing *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003)). Some circuits have questioned whether state prisoners may ever proceed under § 2241. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) ("A state prisoner such as Cook . . . not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254. A petition under section 2241 is therefore unavailable to him." ). Other circuits, including the Sixth Circuit, have allowed

state prisoners to proceed under § 2241, but subject the § 2241 petitions to the same restrictions imposed on § 2254 petitions. *See Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006) (requiring § 2241 petitioner to comply with § 2244(b) provisions regarding second or successive petitions); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (requiring § 2241 petitioner to obtain a certificate of appealability under § 2253). As noted in *Rittenberry*, the majority of federal courts view "§§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, giv[ing] meaning to § 2254 without rendering § 2241(c)(3) superfluous." 468 F.3d at 336 (quoting *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004)). When a prisoner files a § 2241 petition, "§ 2254 and all associated statutory requirements . . . apply, no matter what statutory label the prisoner has given the case." *Green*, 265 F.3d at 371 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). "Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Id.* (quoting *Walker*, 216 F.3d at 633).

Under the controlling Sixth Circuit authority, it is clear that even though Petitioner brought his petition under § 2241, his petition is subject to the same limitations period that applies to petitions under § 2254. The Magistrate Judge correctly determined that the

petition is barred under the applicable one-year limitations period found in § 2244(d)(1). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Docket # 15) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice.

Date:    June 8, 2007            /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       CHIEF UNITED STATES DISTRICT JUDGE